UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES, | CASE NO. C18-700RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| ANGIE RAYFIELD, et al., | |
| Defendants. | |

This matter is before the Court on Defendants Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants assert that Plaintiff's Complaint fails to satisfy federal pleading standards. The Court agrees, dismisses Plaintiff's claims, and grants Plaintiff leave to amend.

Plaintiff, proceeding pro se, filed a Complaint naming Defendants on May 15, 2018. Dkt. #5. Defendants appear to be a union and the union's representative. *Id.* at 1–2; Dkt. #13 at 2. Plaintiff indicates that the basis for the Court's jurisdiction is federal question jurisdiction and cites to "Title 7" as the federal statute that is at issue in this case. Dkt. #5 at 3. Plaintiff's Complaint alleges, simply: "I was subject to unlawfull [sic] practices. After not being represented for Illegal work place activity." *Id.* at 5. Plaintiff seeks $1,000,000 in monetary and pain and suffering damages. *Id.*

ORDER – 1

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must contain sufficient facts "to state a claim to relief that is plausible on its face." *Id.*

This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556–57). Absent facial plausibility, a plaintiff's claims are dismissed.

Defendants argue that the Complaint solely alleges a legal conclusion—"that Plaintiff believes Defendants owe him one million dollars because he was subject to 'unlawfull [sic] practices,' purportedly after not being represented for 'Illegal work place activity,' with no further explanation." Dkt. #13 at 5. Plaintiff responds by merely citing to various legal authorities without explaining how those authorities relate to the factual allegations he has made in this case or showing that this barebones allegations state a sufficient claim. Dkt. #15. Plaintiff has also filed a Surreply where he expands, for the first time, on the basis of his claims. This late

ORDER – 2

filing does little to demonstrate that the factual allegations contained in the Complaint adequately state a non-conclusory claim. However, Plaintiff apparently concedes that his Complaint is deficient, indicating that he can submit a more definite statement of his claims. Dkt. #18 at 2.

As a whole, Plaintiff's speculation that he is entitled to relief does not allege sufficient facts to raise a plausible inference that he is entitled to relief.[1] *See* Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555. Plaintiff's brief statement is the "unadorned, the-defendant-unlawfully-harmed-me accusation" that the Supreme Court has explained is insufficient. *Iqbal*, 556 U.S. at 678. The Court therefore finds that dismissal is appropriate. However, where dismissing for failure to state a claim "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Here, Plaintiff appears ready and able to amend his Complaint.

Accordingly, having reviewed Defendants' Motion to Dismiss and the relevant portions of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. All of Plaintiff's claims are DISMISSED. Plaintiff is granted leave to file an Amended Complaint curing the above-mentioned deficiencies **no later than thirty (30) days** from the date of this Order. Failure to file an Amended Complaint within this time period will result in this case being closed.

DATED this 27 day of November, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Defendants also correctly note that there is no individual liability under Title VII. Dkt. #13 at 4 (citing *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993)).

ORDER – 3