UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK MAYES,

        Plaintiff,

    v.

ANGIE RAYFIELD, et al.,

        Defendants.

CASE NO. C18-700 RSM

ORDER GRANTING DEFENDANTS'
SECOND MOTION TO DISMISS

## I.    INTRODUCTION

This matter is before the Court on Defendants' second Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #23. The Court previously granted a motion to dismiss brought by Defendants and granted Plaintiff leave to file an amended complaint. Dkt. #19. Plaintiff subsequently did so. Dkt. #21. Defendants now seek dismissal of Plaintiff's Amended Complaint. Finding that Plaintiff's Amended Complaint is deficient, the Court grants Defendants' Motion.

## II.    BACKGROUND[1]

In 2017, Plaintiff was an employee of ABM Janitorial Service. The position was a union position and Plaintiff joined Defendant Service Employees International Union 6 ("Defendant

---

[1] The following facts are gleaned from the Amended Complaint and the briefing on the Motion and viewed in a light most favorable to Plaintiff. *See generally*, Dkts. #21, and #23–#27.

ORDER – 1

Union"). While in the position, Plaintiff faced several instances of racial discrimination in the workplace and filed approximately nine grievances with his employer. Each time, Plaintiff requested that his employer keep the union informed. Plaintiff was told that the union was aware of the issues and that the union would contact him. Plaintiff was never contacted by the union and never received assistance with the grievance process. Ultimately, Plaintiff was terminated by his employer in retaliation for making grievances. Plaintiff contacted Defendant Angie Rayfield ("Defendant Rayfield") directly but was informed, generally, that the union would not represent him. Since then, Plaintiff has continued to request representation on multiple occasions and has been denied each time. Plaintiff appears to assert claims of negligence, breach of contract, discrimination, and breach of fiduciary duty against Defendant Union.[2]

## III. DISCUSSION

A complaint, to survive a Federal Rule of Civil Procedure 12(b)(6) motion, must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must include sufficient facts to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration in original) (citations omitted). Dismissal for failure to state a claim for relief "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* Fed. R. Civ. P. 8(a)(2). Where the court is interpreting the "inartful pleadings of pro se litigants," the court is to hold the pleadings to a "less

---

[2] It is not clear from Plaintiff's Amended Complaint whether Plaintiff intends for Defendant Rayfield to remain a defendant in this action. Dkt. #21. To the extent Plaintiff seeks to impose individual liability on Defendant Rayfield for violations of Title VII, those claims are precluded. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993).

ORDER – 2

stringent standard than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Defendants primarily challenge Plaintiff's Amended Complaint on the basis that it fails to state a claim upon which relief can be granted because Plaintiff's action is precluded by the terms of Defendant Union's Constitution and Bylaws. Dkt. #23. The Constitution and Bylaws protect a member's right "to institute an action in any court or in a proceeding before any administrative agency, irrespective of whether the union or its officers are defendants in the action." Dkt. #24 at 23 (Article 17, Section 1.E.). But prior to instituting such an action, the member must exhaust "intro-union remedies as required by the International constitution and applicable law." *Id.* On the factual allegations of the Amended Complaint, Plaintiff does not establish that he exhausted his internal union remedies.

But, there remains some question of whether Plaintiff must do so. Defendants argue that "[e]xhaustion of internal union processes is *required*." Dkt. #23 at 5 (citing *Clayton v. Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am.*, 451 U.S. 679 (1981) (emphasis added). But the decision of whether to require exhaustion of internal union processes is left to the discretion of the court. *Scoggins v. Boeing Co.*, 742 F.2d 1225, 1229 (9th Cir. 1984) ("The determination whether to require exhaustion is left to the sound discretion of the trial court."). In exercising that discretion, courts are to be guided by three considerations:

> [F]irst, whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; second, whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under § 301; and third, whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. If any of these factors are found to exist, the court may properly excuse the employee's failure to exhaust.

ORDER – 3

*Clayton*, 451 U.S. at 689. This inquiry is not appropriate for resolution on a motion to dismiss and is better suited for summary judgment. *Jay v. Serv. Emps. Int'l Union-United Health Care Workers W.*, 203 F. Supp. 3d 1024, 1041 (N.D. Cal. 2016) (noting that failure to exhaust is not an unenumerated Rule 12(b) motion and relying on *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014)).

Upon review, however, Plaintiff's Amended Complaint suffers from other pleading deficiencies.[3] Plaintiff's sparse allegations are so overly broad that they embrace multiple possible causes of action without adhering to any particular legal theories. Plaintiff does not even make clear whether he is claiming that Defendant Union itself discriminated against him, that Defendant Union failed to satisfy its duty of fair representation in remedying discrimination by the employer in violation of the collective bargaining agreement, that Defendant Union violated a provision of its own Constitution and Bylaws, that Defendant Union committed all such violations, or some other legal claim. As a result, Defendants and the Court are unable to adequately analyze and consider Plaintiff's legal claims. In short, Plaintiff's Amended Complaint does not provide Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). Accordingly, the Court finds dismissal appropriate.

When dismissing a complaint for failure to adequately state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-*

---

[3] This is especially true as Plaintiff is proceeding *in forma pauperis* in this action and the Court is therefore charged with dismissing the action, at any time, if it fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

ORDER – 4

*Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is appropriate in this case. As noted above, several legally cognizable claims could be supported by the addition of allegations consistent with the Amended Complaint. The exception—which Plaintiff appears to have accepted—is that Plaintiff may not assert individual claims against Defendant Rayfield for violations of Title VII. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993). Individual Title VII claims against Defendant Rayfield are dismissed with prejudice and may not be included in any amended complaint filed by Plaintiff.

## IV.    CONCLUSION

Having considered Defendants' Motion, the relevant briefing, and the remainder of the record, the Court finds and ORDERS:

1. Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. #23) is GRANTED.

2. Plaintiff is granted leave to file a Second Amended Complaint in accordance with the Court's rulings above **no later than thirty (30) days** from the date of this Order. Should Plaintiff elect to file a Second Amended Complaint, Plaintiff is encouraged to more fully describe the circumstances of the case and more clearly identify the actions and harms he complains of. Failure to file an Amended Complaint within this period will result in dismissal of Plaintiff's claims.

DATED this 29th day of March 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 5