UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK MAYES,<br><br>   Plaintiff,<br><br>   v.<br><br>ANGIE RAYFIELD, *et al.*,<br><br>   Defendants. | CASE NO. C18-0700 RSM<br><br>ORDER DENYING PLAINTIFF'S RULE 59(E) MOTION FOR RECONSIDERATION |

This matter comes before the Court on pro se Plaintiff Mark Mayes' Motion for Reconsideration of Final Judgment under Fed. R. Civ. P. 59(e). Dkt. #50. On December 2, 2019, this Court granted Defendant Service Employees International Union 6 ("the Union")'s Motion for Summary Judgment and dismissed this case. Dkt. #48. Plaintiff now moves this Court to reconsider its order. The Court has determined that response briefing from the Union is unnecessary. *See* Local Rules W.D. Wash. LCR 7(h)(3).

## I.  BACKGROUND

A full background of this case is not necessary given this Court's previous order on summary judgment. Dkt. #48. Plaintiff brought this action against the Union for failing to file a grievance on his behalf against his former employer, ABM janitorial services ("ABM"). Dkt. #1.

His third amended complaint alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. §1981. Dkt. #31 at 1. His complaint also appeared to allege that the Union breached its duty of fair representation for failure to file a grievance on his behalf. *Id.* at 5-6.

Under Article 12.1 of the King County Master Labor Agreement ("the CBA"), the bargaining agreement between the Union and ABM, employees may not challenge their termination through the Union's grievance procedure before they have worked over 520 hours for their employer. Dkt. #40 at 30 ("During the first five hundred and twenty (520) hours worked for the Employer, any employee may be discharged without cause or prior notice and without recourse to the grievance procedure."). Mr. Mayes worked for ABM from September 2017 through October 2017, working a total of 246 hours over the course of his employment. Dkt. #39 at 6. It is undisputed that Mr. Mayes was a probationary employee at the time of his termination.

On December 2, 2019, this Court granted the Union's motion for summary judgment and dismissed Plaintiff's claims. Dkt. #48. The Court found that Mr. Mayes's discrimination claims failed as a matter of law since he presented no evidence to establish a prima facie case of discrimination, and because there was no dispute of fact that Article 12.1 prevented the Union from filing a grievance on behalf of Mr. Mayes because of his probationary status. *Id.* at 6-7. The Court likewise found that, as a matter of law, the Union did not breach its duty of fair representation to Mr. Mayes because it was not required to pursue his grievance.

Plaintiff now moves the Court to reconsider its previous decision granting summary judgment dismissal. Dkt. #50.

## II. DISCUSSION

**A. Legal Standard**

As an initial matter, this district's local rules limit motions under Rule 59(e) to twelve pages. Local Rules W.D. Wash. LCR 7(e)(4). Plaintiff's motion and attached exhibit, which

total forty pages, vastly exceed this page limit. *See* Dkts. #50, #50-1. However, in the interests of affording a pro se plaintiff "the benefit of any doubt," the Court will consider the arguments raised therein. *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008).

A district court has considerable discretion when considering a motion to alter or amend a judgment under Rule 59(e). *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). There are four grounds upon which a Rule 59(e) motion may be granted: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Id.* Vacating a prior judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*.

Plaintiff does not specify the grounds for his Rule 59(e) motion. However, he appears to bring this motion under the first ground by alleging manifest error of law in the Court's analysis of his claims against the Union. *See* Dkt. #50 at 1-19. For the reasons set forth below, nothing in Plaintiff's motion indicates that the Court committed manifest error in granting summary judgment and dismissing his claims.

**B. Application of** *Goodman v. Luken*

Plaintiff's principal argument is that the Court failed to follow Supreme Court precedent in *Goodman v. Lukens*, 482 U.S. 656, 659 (1987). *See generally* Dkt. #50. Plaintiff argues that under *Goodman*, the Union's failure to take any action and "passively sit[] by and not affirmatively oppose the employer's racially discriminatory employment practices" constitutes

ORDER DENYING PLAINTIFF'S RULE 59(E) MOTION FOR
RECONSIDERATION - 3

discrimination. *Id.* at 12. As an initial matter, Plaintiff has misread *Goodman*. While the Supreme Court acknowledged dicta from the trial court's decision, which stated that "mere union passivity in the face of employer discrimination renders the union liable[,]" *id.* at 665, the Supreme Court expressly declined to address "this rather abstract observation" by the trial court since the available evidence proved "far more" than mere passivity by the union. *Id.* at 666. The Supreme Court therefore did not reach the question of whether a union may be held liable for "mere passivity" in the face of discrimination by the employer.

Relatedly, Plaintiff's contention that *Goodman* "requires unions to represent probationary African Americans on racial grievances" is incorrect as a matter of law. Dkt. #50 at 16. *Goodman* addressed the legality of a union policy that refused to process a category of grievances brought by a protected class "on the ground that the employer looks with disfavor on and resents such grievances." *Goodman*, 482 U.S. at 669. The Supreme Court found such a policy unlawful, holding that "a policy of rejecting disparate-treatment grievances brought by blacks *solely because the claims assert racial bias* and would be very troublesome to process" violated Title VII and Section 1981. *Id.* (emphasis added). Despite Plaintiff's contention that the facts in *Goodman* and this case are "identical," Dkt. #50 at 2-4, his claim is factually unsupported. Plaintiff has produced no evidence that the Union declined to pursue his grievance because of its subject matter or that it implemented a general policy of refusing to process certain categories of grievances.

**C. Material Dispute of Fact**

Plaintiff also argues that there remains a dispute of fact about the Union's knowledge before December 2017 that Plaintiff wanted to use its grievance process. Dkt. #50 at 14. Plaintiff claims that he requested that ABM give all his complaints to the union but that the managers "failed to produce them." *Id.* at 16. However, Plaintiff raised no material dispute of fact prior to

summary judgment dismissal because he believed no evidence besides the Union's inaction was necessary to prove his case. *See* Dkt. #43 at 2 ("The only evidence needed to show discrimination is the company not taking action in the face of discrimination."). While he now claims that a material dispute of fact exists, he offers no factual support to show that Union did, in fact, have knowledge that he wanted to use the grievance process before he spoke with Union organizer Angie Rayfield in December 2017. *See generally* Dkt. #50. Moreover, even if Plaintiff now provided facts to contradict the Union's sworn declarations, *see* Dkts. #39 at ¶ 9; #40 at ¶¶ 7-8, such arguments are untimely at this stage in the case. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time . . . .") (emphasis in original). Accordingly, Plaintiff has failed to demonstrate manifest error by the Court in finding no material dispute of fact as to the Union's knowledge of Mr. Mayes' complaints before December 2017.

### D. Analysis of Racial Discrimination Claims

Plaintiff contends that the Court erred in its analysis of his racial discrimination claims under 42 U.S.C. § 1981 and Title VII. *See* Dkt. #50 at 9 (Arguing that Section 1981 was intended "to proscribe discrimination in the making or enforcement of contracts against, or in favor of, any race[,]"); *see also id.* at 11-12 (discussing object and purpose of Section 1981); *see also id.* at 15 (Arguing that "[i]ntent was not required in this law."). The Court analyzed Plaintiff's claims under the *McDonnell Douglas* burden-shifting framework, which courts apply to Section VII and Section 1981 claims against labor unions. *See* Dkt. #48 at 5 (citing *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 882 (9th Cir. 2007)). Contrary to Plaintiff's contention, a court cannot presume discrimination under this framework. *Contra* Dkt. #43 at 2 ("The only evidence needed to show discrimination is the company not taking action in the face of discrimination."). Indeed, a plaintiff must offer sufficient evidence to establish a prima facie

case. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). Here, the Court found that Mr. Mayes offered no evidence to establish a prima facie case and, even if he could, the Union provided a legitimate reason for not pursuing his grievance. Dkt. #48 at 6-7. Nothing in Plaintiff's Motion demonstrates error in the Court's analysis.

### E. Duty of Fair Representation

Plaintiff also argues that the Court erred in dismissing his claims because the union was legally obligated to pursue his grievance. Dkt. #50 at 3-6, 19; *see also id.* at 17 ("probationary workers have human right and are required to be represented by unions on racial complaints."). Plaintiff's argument—that non-action by the Union in response to a grievance automatically violates its duty of fair representation—is incorrect as a matter of law. The law affords unions "substantial discretion" to decide whether and to what extent to pursue a particular grievance. *Vegas v. United Steelworkers,* Local 12-591, 73 F. Supp.3d 1260, 1269 (2014) (*citing Dutrisac v. Caterpillar Tractor Co.,* 749 F.2d 1270, 1273 (9th Cir. 1983)). This discretion includes a union's ability to exclude probationary employees from using the union's grievance procedure to process their termination disputes. *See Trumbauer v. Grp. Health Co-op. of Puget Sound*, 635 F. Supp. 543, 545 (W.D. Wash. 1986) (Provision allows discharge of member employees without recourse to grievance procedure for first three months of employment); *see also Hollins v. Kaiser Found. Hosps.*, 727 F.2d 823, 825 (9th Cir. 1984) (same). Nothing in Plaintiff's Motion demonstrates error in the Court's analysis.

Relatedly, Plaintiff appears to argue that the Union's contract is unlawful. *See* Dkt. #50 at 12; *see also id.* at 13 (alleging that the CBA itself amounts to "pretext for discrimination."). The Court previously addressed Plaintiff's challenges to Article 12.1 of the CBA. *See* Dkt. #48 at 9. In comparing Article 12.1 with similar CBA provisions that limited probationary employees from accessing a union's grievance procedures, the Court concluded that Article 12.1 was a lawful

exercise of the Union's discretion to decide whether and to what extent to pursue a particular grievance. *See id.* (citing *Trumbauer*, 635 F. Supp. at 545; *Hollins*, 727 F.2d at 825). Nothing in Plaintiff's Motion demonstrates that the Court erred in its analysis.

**F. Plaintiff's Remaining Arguments**

Finally, Plaintiff's Motion contains several conclusory allegations including: (1) the Union "has not been held jointly or severly [sic] liable for breaking the law and affecting my life[,]" Dkt. #50 at 7; (2) the Union "caused ABM to continue discriminating against me because I was a probationary employee[,]" *id.* at 8; and (3) Plaintiff was "substantially injured and continue to be injured by racial discrimination by the district court[,]" *id.* at 18. These assertions are either factually unsupported or irrelevant to Plaintiff's claims against the Union. Accordingly, they fail to demonstrate manifest error by the Court in granting the Union's motion for summary judgment and dismissing Plaintiff's claims.

**III. CONCLUSION**

Having reviewed Plaintiff's Motion and the remainder of the record, it is hereby ORDERED that Plaintiff's Motion for Reconsideration (Dkt. #50) is DENIED.

DATED this 24th day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE